court staff. Your Honor, this is case 1-2-16-0693. We have a defendant appellant. Thank you. Ms. Montgomery, on behalf of the defendant appellant, you may proceed. Good morning, Your Honors. Counsel, may it please the Court and Jamie Montgomery, the Office of the State Appellate Defender, appearing on behalf of Mr. David Hill, the defendant appellant. This appeal presents two issues. The first issue is the propriety of Mr. Hill's extended term sentence, and the second issue is the Court's failure to conduct a preliminary inquiry into Mr. Hill's claims of ineffective assistance of counsel. And the third issue is the Court's failure to conduct a preliminary inquiry into Mr. Hill's claims of ineffective assistance of counsel. Well, I think that that brings into the, that's the heart of the issue in Taylor and, well, not quite. Let me rephrase. In Taylor, there's a discussion about the interplay between Rule 402 and Section 582B. And the thing is that in order to comply with 402 at the time of the plea, the Court must admonish the defendant about the possible sentencing phases, including any time that would be additional because of prior offenses. Or any other reason. And so when a defendant is admonished at the, is not admonished at the time of his plea about those things, Rule 402 would not be followed. And when we get into a situation like here where the issue is sentencing after a revocation of probation, we're no longer in the, was the plea known involuntary, was 402 followed? And so there's the fallback position in 582B that if at the time of the plea you're not admonished and then you're having the sentencing at that point, that the defendant is permitted to withdraw the plea without prejudice. But here when we're past the point where we can withdraw the plea, the issue is, so now what do we do? How do we remedy the failure here? And that's where we get into the remedy we're asking for here, which is to reduce this sentence to a non-extended term. Didn't Taylor also hold that similarly worded admonishments even at the guilty plea proceedings was insufficient? Yeah, Taylor held that it was insufficient at the guilty plea. So there's no way that if these, if admonishments are not sufficient at the guilty plea, that an admonishment that just says if you're eligible at the arraignment could ever be sufficient under 582B or 402. Are we prohibited from revisiting the holding in Taylor? No. I mean, this court can reverse itself and either adopt the dissent. I clearly don't think that it should. I thought you'd probably take that position. You know, the idea in, part of the issue in with like the dissent in Taylor is that there, as here, the issue was what the defendant's priors were and was he eligible based on his prior history. The problem is that there's a lot of factors that make someone eligible for an extended term sentence that have nothing to do with your prior record. And, you know, requiring a defendant to know that either at the plea or even here at the arraignment that when the judge said, if you're eligible for an extended term sentence, it would be this range. That requires the defendant to know himself whether or not he's eligible and to be able to have the legal knowledge of what extended term sentencing is and what the factors would be. So not only would it be just requiring him to know his prior history, but also to know the implications of that history. And, you know, merely having priors doesn't make you extended term eligible. You know, there has to be the same or similar class offense within 10 years, and that excludes any time spent in custody. So that requires a defendant to do a lot more than just know what his history is. And then you get into situations where the state might be asking for an extended term sentence based on exceptionally brutal and heinous, indicative of wanton cruelty, or the age of the victim, or torture, or I want to say sicking a dog on a cop, but it's phrased differently in the statute. Now, there's a lot of things that could make one extended term eligible that have nothing to do with a prior. So there has to be something more than just it's good enough if he knows that it's possible in the sense of it's possible that anyone could get it. It must be more than just knowing that this is what the extended term is if you're eligible. A defendant should know that this is what the range is. The state is saying you're eligible. So, you know, if I determined you were eligible, and if I agreed or the state proved that you were eligible, I could impose this extended term sentence on you. It must be more individualized. Would an admonishment at arraignment be sufficient if there isn't one during the plea? I mean, let's just assume for a moment that the admonishment was correct here, that the judge said you are eligible for extended term sentence at arraignment, but then didn't repeat that at the plea. That defendant would be on notice of the possibility, would he not? The defendant, you know, the problem with that would be that the admonishment at the plea would not comply with 402, which would be a separate issue. But the problem with that is that we don't know, well, I should say this. At the arraignment, if it's a perfect admonishment at arraignment, the defendant still does not know at the time of the plea, you know, we don't know what happens off the record, what sort of things go on in the negotiation. At the time the defendant is arraigned, everything's up in the air, which is why a more generic admonition at arraignment would be okay. And why at the plea, the defendant should know exactly what he's facing and not just like here, it may be that although Mr. Held was told if he was eligible, this is what the sentence would be, the extended term would be. You know, he may be under the notion at the time he pleads that the extended term possibility has been taken off the table now by virtue of this negotiation or something to that effect. Additionally, there's a lot of times where a plea happens much longer after an arraignment. But if we're talking just about 582B, I mean, that would suffice under the wording of the statute, how it's interpreted in Taylor, that he's aware of the possibility. Only talking about 582B. If he was admonished perfectly at the arraignment? Correct. Or if we choose to revisit Taylor and decide that Taylor was wrongly decided. I think 582B still requires the defendant know at the time of the plea and without an admonishment at the time of the plea, a proper admonishment at the time of the plea, you can't say what the defendant knew or should have known at the time of the plea. I think that's probably the key thing, because I'm listening to your argument and thinking there's some underlying policy reasons that would mandate that. Because the court doesn't know what the defense attorney has told the defendant. Maybe he mistakenly told him he wasn't subject to it. And the only time you'd be able to clear that up, if I'm the trial judge and I want to be careful, I want to make sure they get the admonishment, because otherwise that situation could arise. Where the defendant follows a motion saying, I was never told by anybody. Exactly. Or my attorney told me the opposite. Yeah, and it's the, you know, the point of admonishments in addition to ensuring the rights of the defendant is also to ensure a record that, you know, to a certain extent shows that everything was done correctly and provides some finality of judgment or provides a sufficient record for us to consider issues. Go to the second issue. Turning to the Kranko issue, there's a couple important things to note here. This was a complicated case procedurally. Mr. Hill pled guilty in front of Judge Bridges. He was arraigned by Judge Stride. He pled guilty and was sentenced to the probation by Judge Bridges. And then when the PTR was filed, the PTR case was assigned to Judge Strickland. While the PTR case was going on, the state filed or, you know, got indictments against him for criminal cases for the things alleged in the PTR. So I'm going to call those the 2016 cases. The 2016 cases were assigned to Judge Patricia Fix. So the states claim here that there was an inquiry on this matter. It's important to note that those and that doesn't fix it. No pun intended. Yeah. Judge Fix's inquiry was on the 2016 cases. And the claims that were raised there from what we can tell in the record was, and also I should note that those claims were raised pre-trial. So she was faced with a defendant who was alleging pre-trial that the client, that the defendant, that the attorney, his allegation was apparently that he was deprived of counsel and that his attorney wasn't visiting him at the jail. And so she looked at the record and saw that on this case, the attorney had been in court all these days. She asked the attorney about whether he'd visited the defendant at the jail. And so her inquiry was on that allegation. Again, pre-trial allegations of ineffective assistance of counsel or the denial of counsel. When the defendant started to get into some claims that were factually relevant, that the state argues are factually relevant to this claim here before Judge Strickland after the revocation, he started talking about some of the witnesses. The problem, and so there Judge Fix stopped him because that were, those were facts about the criminal case pending before her. So she told him, stop, stop, don't talk about the facts of this case, gave him a chance to talk to his attorney, and then they moved on. So Judge Fix didn't even get into what the state claims are the claims in the, here. Now, the other issue is that that admonishment, the discussion on the record with Judge Fix happened on May 5th. And the defendant was resentenced on the revocation. Let's see here. He was resentenced on July 5th. So two months later, he's resentenced. And then on August 1st, the defendant filed his pro se motion to reconsider sentence in which he alleged the denial of effective assistance of counsel. The court ever actually addressed it at all? No, and Judge Strickland never addressed it at all. And the defendant wasn't even present at the hearing where the judge said, counsel, are you adopting these pro se motions? No. Okay, moving on. The defendant wasn't present. He was not there to expound on what his claims were. He did what was necessary under the law, which was he brought a claim of ineffective assistance of counsel to that judge. And we don't know, because there was no inquiry, whether the claims that were in his motion to reconsider sentence that alleged ineffective assistance of counsel were related to counsel's performance at the resentencing, which occurred after the inquiry performed by Judge Fix. The only specific factual claims in the pro se motion to reduce sentence were previously at least raised by the defendant. We don't know that. Well, I mean, the one that says the public defender didn't enter key evidence and was incompetent. That's just a generic one, but that's C. But A and B and D, well, not so much D, but A and B have to do with the factual allegations that were raised previously, correct? Right, and it's important there to note that this motion is labeled a motion to reduce sentence, and the defendant says that he says, you know, his paragraphs are numbered 1, 2, 3. And paragraphs 1 and 2 are background information about the posture of the case. And then paragraph 3 says justice requires a reduction of sentence for the following reasons. And then he says A, B, C, D. And the only thing in which C says that he's entitled to a reduction of sentence because the public defender failed to enter key evidence. But we don't know whether that key evidence has anything to do with the people listed in A or has anything to do with his claims about whether or not Rule 412 was followed or whether or not he was. I mean, in D he says he wasn't provided with a transcript. So it's not that he's alleging counsel was ineffective because of A, B, C, D. He's saying I should have my sentence reduced because of A, B, C. So we don't know what the factual allegations are about ineffective assistance of counsel or what the key evidence was. That's why there should have been a preliminary inquiry. For all those reasons and those presented in the brief, we'd ask this Court to vacate the extended sentence and reduce the sentence to three years and remand the cause for a preliminary inquiry. All right. Thank you very much. All right, Ms. Campbell, you may proceed. Would Your Honors prefer the first issue or the second issue first? Just the two. All right. Let's go with the first issue. Again, you're not disputing that there was no mention of extended term at the time of the guilty plea. Correct. That's entirely correct. It was not mentioned. It is mentioned at the arraignment, which is 3-4, not mentioned at the guilty plea, which is at 21. It is mentioned at the arraignment on the revocation, which is at 31 and not objected to. It's mentioned at the 5-5-16 Krankel hearing at R-205. And part of the reason that is important is because in Taylor itself, the Court looks at the rest of the record when it's making its assessment. At 7-08, it says, moreover, the remainder of the record not only fails to rebut this presumption that defendant did not know that the extended term was possible. It reinforces that presumption. So the Court in Taylor itself has not looked at just the guilty plea proceeding. It's looked at the entirety of the record. Certainly, I would like to divide a little bit between the holding and whether you should reconsider Taylor in accordance with Justice Kapala's dissent in a global situation, and then whether that actually would fix even this defendant's particular situation. I think I explained in my brief that Justice Kapala has, I think, a very compelling dissent. And he mentions that the statute requires only the defendant's knowledge that the extended term was possible. And then he defines possibility under Black's law as an event that may or may not happen. And that then mentions at 7-11 that if before an extended term does not negate the defendant's knowledge of the possibility of an extended term sentence. And my opposing counsel mentioned a number of factors that aren't directly related to a defendant's criminal history that can influence either consecutive or extended sentences. I need to ask an objective question. Are you aware of any cases from any other districts that have adopted Justice Kapala's? I did not find any. In that case, the improper or the conditional admonishment was actually at the plea. Correct. Okay. Here we have it at the arraignment, and then we have a plea where the defendant doesn't hear anything about extended terms. Does that make a difference in the analysis? It does because in Taylor itself, in the majority opinion, the court looks at the rest of the record. So it's not considering, you know, and I think this particular case is unusual enough, and there are enough procedural quirks that you can find that, you know, particularly since the defendant made no objection when it's mentioned later at the probation revocation hearing that they in fact had knowledge that he was eligible for an extended term sentence because they make no objection at that point. I think that's a clear indication that he did in fact have knowledge. In particular, since it's the Taylor majority that is mentioning, you know, we're looking at the entire record, I think in this particular case under these facts, he in fact should be considered qualified or to have knowledge of the extended term sentence. Well, why don't we let it go down the road of speculation? If it's complied with and it's done at the time of the guilty plea, then there's no issue. That would be better, and we would not have our problem if that had occurred. How far do we take it? Could we say that he was admonished properly in a previous case 10 years earlier? I mean, where do you draw the line? I would draw the line right at this case where shortly after that we have the probation revocation. He's admonished regarding the extended term sentence, and there's no objection to that. I think the very narrow facts and circumstances of this case fit this defendant in where, as you said, you know, if he's only advised, you know, 10 years ago at a prior, you know, I wouldn't be making the same argument. But I think in this case where, you know, shortly thereafter in the exact probation revocation, he's advised and makes no objection, that it's a clear indication that both defense counsel and the defendant had knowledge that he was released. Might also raise an ineffective assistance claim. Well, I think you have to look at an ineffective assistance claim not just on a particular act. I cite Guest in my brief, and that says you don't look or you shouldn't look at defense counsel's actions in hindsight. And that if you look at it in hindsight, then some act or omission by defense counsel can seem to be error. So I think Guest is encouraging not only not using hindsight, but using a more broad spectrum analysis of defense counsel's actions. I think the defendant himself acknowledged that the defense counsel was a good attorney and tried his hardest at the probation revocation. Certainly the judge in the 5-5 hearing on Crankle is saying the judge didn't preside at one of the proceedings, but he was transitioning into that courtroom. So they observed one of the, I think it was the guilty plea of the probation revocation. But the judge who made the finding regarding defense counsel's competence viewed the prior hearing, even though they didn't conduct that hearing. That's my recollection of the record. I wanted to ask you, your argument that what was the information that was gleaned at the revocation hearing and you were saying there was some reference to extended term and it was unobjective to, how does that argument square with the plain language of 5-A2B that says if the conviction was by plea, it shall appear in the record that the plea was entered with the defendant's knowledge? What would be the purpose of 5-A2B if it's not admonished at the time of the plea, but the defendant learns about it subsequently? How does that square with that section? I think that does square with the section. Certainly it would be much better had the trial court and defense counsel and everyone mentioned the extended term at the guilty plea. But again, Taylor is looking at the record as a whole, and the rule requires knowledge at the time that he pled guilty. And I think you can look at the subsequent record to reflect the fact that defendant and defense counsel at the time of the plea did know about the extended term eligibility. And again, that's where... Do you have any authority for that? No. I am trying to apply logic, so... I think it's reasonable. Taylor itself says that under 5-A2B, an admonishment is not necessary. At least the rule does not require an admonishment, correct? Yes. And Taylor and several cases, mostly Rule 23s after that, have followed that, that that admonishment at the time of the plea is not necessary. It's just the knowledge that the defendant had that it was a possibility is necessary. Right. That's my question. What happens to revocation? How would that give knowledge at the time of the plea? Let's assume he found it out at the revocation time. I would then... My counsel would... The arraignment is a different argument. Right. Because at least you can say, well, at the time of the plea, he had this what I call preexisting knowledge. I'm not getting the revocation subsequent to the plea. How that would help at the time of the plea. Well, I think if the defendant was totally shocked to find out he was eligible for an extended term sentence, he might have mentioned something at the... So he's got to jump up and say, wait a minute, I object to this. And then he could give a stiff elbow to his counsel and say, you know, why am I getting an extended term sentence? Obviously, if there was the arraignment, if you will, on his petition to revoke his probation. Correct. But isn't that exactly what happened when he was arraigned the first time? Okay, there's this possibility of extended term, but it really doesn't apply because when we get down to the plea, nobody talks about extended term. Why isn't it just as reasonable that his assumption was, well, here we go again. They're going to tell me all these things, but when it comes down to it, here's what I'm eligible for because that's the terms that I pled guilty to. All right. The arraignment for the revocation, the admonishment was actually one to three or if prior criminal history up to six years and then four years MSR. But isn't that generally what he was told at his arraignment? Yes. And certainly the defendant should know his criminal history and, you know, that's the particular fact. Well, then it would be your position that he would never be eligible for extended term on any other ground other than criminal history. No. Well, see, then you can't have it both ways. I mean, where do we draw the line here? The line here is did defendant know he was extended term eligible? For what? Eligible for extended term based on what? Well, there's a number of factors. What's he charged with? His knowledge. Based on these admonishments, what knowledge do we charge the defendant with? His criminal history. That's it. That is one of the factors. But the court can use other factors to apply an extended term sentence. In this case, we know that he knew because he knows his criminal history. So that is an unambiguous and personal thing for him. But as my approving counsel mentioned, there's a number of other factors which can make a defendant, including this one, eligible for extended term. And many times those won't be known until a sentencing hearing, which is why I'm arguing that the if language is a sufficient warning. You're attributing a lot of sophistication to a lot of defendants. Picking up on the point that she alluded to, the defendant is told, the court mentions extended term at the arraignment, doesn't say anything at the time of the plea of guilty. Isn't it just as reasonable? The defendant felt, well, maybe the state decided I wasn't eligible. They're not seeking it because now they're not saying anything about it. Everybody is silent. The court doesn't say anything. The state doesn't say anything. Isn't it reasonable for the defendant to figure, well, maybe they're not going to seek it in this case? Especially in light of the conditional nature of the arraignment admonishment, which wasn't, you're eligible for extended term. It's, you may be, you may not be. We'll see later. And now the plea is there. Maybe they don't want it. Shouldn't they, and the petition to revoke, shouldn't the state be bound to the terms of the plea agreement? The terms of the admonishments at the plea, I take back agreement. I apologize. That is what some of the case law argues. But I am arguing back, particularly in Thompson, where they're looking at the entire record to show defendant's knowledge that in this particular case, the defendant had knowledge. Okay. In order for us to get to this issue, you are basically waiving any forfeiture argument. Oh, no. Well, I thought the briefs, your briefs said you're inviting us to resolve the issue and to go with the dissent in Taylor. I need you to do that. If I don't win on forfeiture, then I would like you to make that finding. Recognizing Thompson, in any event, forfeiture is a limitation on the parties, not us. Exactly. So I'm trying to have my cake and eat it, too. But as long as we're on forfeiture, as you know, it is at the discretion of the court whether to overlook the forfeiture. And I'd like to quote from Thompson, an Illinois Supreme Court case. The importance of applying forfeiture, the forfeiture rule uniformly, except in compelling situations because the failure to raise a claim properly denies the trial court the opportunity to correct any error, thus wasting time and judicial resources. So I would encourage, certainly in this case, that you not overlook the forfeiture. I would also like you to find that if is okay. Do we have any more issues, or can I go on to Crankle? All right. In Crankle, the operative concern is whether the trial court made an adequate inquiry. And that's Remore at 78, and it potentially limits issues on appeal, which is Willis at 17. And then the court has three avenues by which it can evaluate the defendant's claim. And there's a slew of cases, Jolly at 30, Ayers at 12, Tolfrey at 22, Willis at 17. The court can ask defense counsel about the defendant's claims. Two, the court can discuss briefly with the defendant. Or three, which is what occurred here, the court may evaluate the claims based on the trial court's knowledge of the defendant's counsel's performance and the insufficiency of the defendant's allegations on their face. And I will have looked at C250, which is the defendant's motion, and to quote from him, justice requires a reduction of sentence for the following reasons. And then as your honors have noted, he mentions the key witnesses that on 115.16 say that, I was nowhere near Thompson and the Dominant's pizza in A. In B, Ms. Thompson repeated the actions against the defendant of similar nature. And then C, public defender failed to enter key evidence in the defendant's case. I think it's clear that he is, in fact, referring to trial issues. Those I note, you know, where the record contradicts those in my brief. I don't think that I know. How would you ever know that if you didn't at least have the defendant there and ask counsel the question? I mean, this is an unusual proceeding. The court got confused, apparently, over whether or not, you know, an attorney can adapt a Pro Se motion or not. You don't leave it up to the defense counsel whether to adapt a Crankle motion, can you? Because the defense counsel would say, no, it's not necessary. You'd never have a Crankle hearing then, would you? You could. He says, I got a bunch of these motions. Do you want to embrace any of these motions? No. I'm proceeding on this one. OK. Crankle goes out the window then, right? No, it doesn't. Because under the third criterion, the court can evaluate the claims based on knowledge of the defense counsel's conduct and the allegations on their face. The allegations, though, look after the sentencing. You've got proceedings before and you've got proceedings after. You're creating a new body of law so the court should presume it's the same grounds on the same issues without even talking to the defendant. I don't think that that is – in this case, we have defendant's written motion. A lot of times it will be, you know, his statements in court or something. But when you have the defendant's written motion that specifies the reason for the reduction of sentence and they're all trial court issues which were addressed in the prior – what does key evidence mean? Well, apparently – Apparently, what does it mean when you're judging based on the written motion? OK. In this case, under A, it is a court subpoena for Pete Davis, Eric Harris, Richard Davis. Isn't it the last one? I don't have it in front of me. Is it D, did not introduce key evidence? That's C. C, excuse me. What does that mean? D is the life insurance, right? OK. That means, well, he has just referred to what he considers the key evidence. How do you – as a judge sitting there in the trial court, how do you know that's what it was? You – What key evidence? We're talking about a sentencing reduction. What key evidence is missing? Like, hey, maybe I wasn't admonished at the time of my plea. That would be pretty much key evidence, wouldn't it? But that's not contained in his motion. When the defendant – He says key evidence, though. Under a motion to reduce sentence, shouldn't there be some preliminary inquiry? I mean, how – as a judge, how do you know, based on what you observed, you watched a movie of a trial and you can replay that in your mind, how do you know what wasn't presented without making some inquiry, even of defense counsel? OK. There's a couple layers. OK. First, I think that because the defendant refers to – for the following – he needs a sentence reduction for the following reasons. And then he talks about this key evidence and this key evidence. So I think when you get down to paragraph C, you can assume that the two prior paragraphs are the key evidence he's talking about. And those are all trial issues. They were explored, you know, in the prior – So you're saying we just should make an assumption? No. I'm saying it's a logical deduction from reading the case. It's an assumption. You said tomato. I like deduction better than assumption. Can I just ask one really quick question? In your brief on page 9, getting back to this forfeiture issue, you say that the defendant failed to raise the issue in the motion to reconsider. Nevertheless, on appeal, the defendant urges the court to consider it and then the defendant's argument. And then you say the State urges this court to not find the issue forfeited and to reconsider the issue in light of the dissent in Taylor. But now you're telling me that you're actually arguing forfeiture and then the alternative, if we don't find it forfeited, to go with the dissent in Taylor. It was perhaps inartfully phrased by me. Forfeiture is a restraint on the parties, not on the court. So if your honors would like to give the State our victory on a forfeiture, we would be happy. I think it's a very interesting issue in Taylor with the dissent. So as a legal nerd, I would like to see you decide on that. But I recognize that it is entirely at the court's discretion, you know, if you're going to overlook the forfeiture. One brief wrap-up sentence. I think in this case there's no compelling reason to overlook defendant's forfeiture, even though I like the argument. And I think in this case I was attracted to the trial judge's comment that, and this is part of the reason why it's not unjust for this defendant, he says that this defendant is going to be one of those defendants who do a life sentence on an installment plan. Simply, the defendant is not capable of complying with probation or MSR. Defense counsel notes that he's apparently recommitted to DOC. So I ask that you either decide or revisit the Taylor issue in compliance with Justice Capala's dissent, or that you find that it was forfeited. All right. Thank you, Ms. Bell. Ms. Montgomery, you may address the court in rebuttal. Just deciding where to start, Your Honor. Sorry. First of all, in terms of just a ‑‑ I'm going to start with the Krankel issue. Here, the court didn't evaluate the defendant's claim. Judge Strickland did not evaluate the defendant's claim at all. There's nothing on the record that says he, as Your Honor has noted, says, are you adopting these? No. Okay. Let's move on. There is no evaluation or indication. That was clear. Her response appears to be it may not always be necessary if it's obvious from the face of the pleading that it refers to earlier matters. So what sayeth you in response to that? The evaluation here could not be based on knowledge of prior evaluations because Judge Strickland did not ever consider the things that were raised in front of Judge Fix. And it was a completely different judge. And just in response to the claim that Judge Fix had some knowledge of the revocation hearing and therefore her evaluation was related to that, Judge Fix noted that she was present for one day of a three‑day petition to revoke hearing. So whatever Judge Fix saw on that day, which I would note was not the last day, which would be the day the defense presented a case, Judge Fix's knowledge of what happened on day one of the revocation hearing has nothing to do with what defense counsel did in terms of entering evidence. Also, without more information, you know, the reason we needed an inquiry is to determine what the defendant's issues are. As I noted, he said everything he needed to, which was he said, I have a claim of ineffective assistance of counsel. And his motion was not clear what his claims were. So the judge did need to have a preliminary inquiry. And we can't say that his claims about what happened on 1-15-16 with these people have anything to do with, you know, he may have gotten his days wrong, but he pled guilty on the underlying offense on January 14th, 2016. The revocation alleges that he did something on January 14th. The petition to revoke alleges things that happened on January 14th, that same day. So whatever happened on January 15th may or may not be having anything to do with that. And I'm also not aware of any case law that says that it is appropriate to conduct a crank or inquiry without a preliminary inquiry without the defendant present. That's a discussion regarding a constitutional issue, which would be a right to effective assistance of counsel. And it seems to me that that being a critical stage, the defendant should be present. And to their head, you know, I may be wrong because I did not, but I don't, I'm not aware of any case law, nor has counsel pointed to any case law, that says that it's okay to conduct an inquiry without the defendant even there. So for those reasons, I would encourage this court to remand the matter for a preliminary crank or inquiry. Turning to points raised on the first issue, here the state is asking this court to look at the entire record and find that admonishments given at the revocation, at the first appearance on the PTR, are sufficient to show what the defendant knew at the time he pled guilty. Because the defendant didn't object then. The failure to object at that point is counsel's failure to object. We don't know what the defendant said. The defendant may have elbowed his counsel at that point and said, what is this? But that's not on the record. We don't know that. So the failure to object at that point should not be on the defendant. It's on defense counsel and may have, you know, with different facts, have led to a claim of ineffective assistance of counsel on that basis. But we can't look at what happened at the hearing afterwards to determine what he knew at the time he pled. Additionally, the fact that, let's see, a reading such as that or an interpretation would mean that if the defendant was given an extended term sentence, it would mean that in this case where the defendant was initially given probation and then his probation was revoked and he got an extended term sentence, that he's not entitled to any relief for the court's failure to admonish him at the time he pled guilty. But a defendant who is not, you know, given the opportunity of probation and instead is given an extended term sentence at the initial sentencing would get relief. And as to the comment earlier about whether or not, you know, 582B does not have, does not require the court to admonish regarding that. But that's because the admonishment requirement is in Rule 402. And 502B is about the imposition of an extended term, not about what admonishments are required at the time of a guilty plea. So the fact that 582B doesn't specifically direct the court to do an admonishment there should not be dispositive of the issue. If there are no further questions for all these reasons, we'd ask the court to reduce the defendant's sentence to three years and remand the cause for a preliminary prank or inquiry. Thank you. Thank you, Ms. Montgomery. I'd like to thank both counsel for the quality of their arguments here this morning. The matter will, of course, be taken under advisement in a written decision. Issue in due course.